IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WEBSTER SMITH,

                Plaintiff,

v.

WINDY HILL FOLIAGE, INC., SUNCO
CARRIERS, INC., HIRERIGHT, LLC,

                Defendants.

OPINION AND ORDER

17-cv-895-wmc

      Plaintiff Webster Smith alleges that defendants Windy Hill Foliage, Inc., Sunco Carriers, Inc., and HireRight, LLC, violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et. seq.* (2012), causing Sunco to terminate his employment. HireRight and Sunco have moved to dismiss Smith's claims against them under Federal Rule of Civil Procedure 12(b)(2), arguing that the court lacks personal jurisdiction. (Dkt. ##13, 17.) Instead of responding to the defendants' motions to dismiss, Smith filed a motion to transfer under 28 U.S.C. § 1406(a) to the Middle District of Florida. (Dkt. #21.) Defendant Windy Hill opposes transfer, preferring to remain in Wisconsin where it is headquartered. As explained below, the record shows that the Middle District of Florida has personal jurisdiction over all parties, and the transfer is in the interest of justice. Accordingly, plaintiff's motion to transfer is granted.

ALLEGATIONS OF FACT[1]

      Defendant Windy Hill, a Florida corporation with its principal place of business in

---

[1] The following facts are taken from the allegations in the complaint, the undisputed representations of the parties by affidavits, and the public record, as confirmed during today's hearing on the motion to transfer.

Marshfield, Wisconsin, employed Smith as a tractor-trailer driver through October 2015. That month, Smith took his tractor-trailer to a service center for repairs. Shortly after, Smith alleges that he voluntarily left his position.

Sometime after Smith left its employ, Windy Hill advised defendant HireRight, a consumer credit reporting agency, that: (1) Smith had been involved in a preventable accident before the October repairs; and (2) he was a "no show" for work. Smith contends this information is false. HireRight is a Delaware limited liability company with its principal place of business in Irvine, California.

One month after his departure from Windy Hill, defendant Sunco, a Florida corporation with its principal place of business in Lakeland, Florida, hired Smith as a company driver. Just a month later, Sunco terminated Smith. After the termination, Smith learned HireRight provided a report to Sunco detailing his employment history, including the false information from his Wisconsin employer.

OPINION

I. Defendants HireRight's and Sunco's Motions to Dismiss

As reflected by plaintiff's decision to move to transfer, rather than oppose defendants' motions to dismiss, this court lacks personal jurisdiction over either HireRight or Sunco. Nevertheless, the court will set forth the reasons for this in light of the remaining defendant Windy Hills' opposition to transfer plaintiff's claim against it. The Due Process Clause of the Fourteenth Amendment requires a finding of "minimum contacts" between the defendant and the forum state for a court to exercise personal

2

jurisdiction, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). A court may establish jurisdiction over a defendant either through general or specific jurisdiction.

### A. General Personal Jurisdiction

General jurisdiction requires a defendant to have "continuous and systematic" contacts with the forum state, such that it is essentially "at home." *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1539, 1558 (2017). A corporate defendant is typically "at home" only in its place of incorporation and its principal place of business. *Id*. In the "exceptional case," general jurisdiction may be found where the defendant's contacts "may be so substantial and of such a nature to render the corporation at home in that State." *Id.* (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). Moreover, in determining whether it can exercise general jurisdiction over a corporate defendant, a court must consider the corporation's activities in their entirety -- "nationwide and worldwide" -- because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 134 S. Ct. at 762 n.20.

Neither HireRight nor Sunco even arguably fall under this court's general personal jurisdiction. Not only is HireRight a Delaware limited liability company with its principal place of business in Irvine, California, it has *no* physical presence in Wisconsin and its customers in Wisconsin account for less than 1.5% of its revenue. (Aldrich Decl. (dkt. #15) ¶¶ 3-4; Compl. (dkt. #1) ¶9.) As for Sunco, it is incorporated in Florida, and

maintains its principal place of business in Lakeland, Florida.[2] (Templin Decl. (dkt. #19) ¶ 2.) Moreover, Sunco has no physical presence in Wisconsin. (*Id.* at ¶¶ 6–7.) Finally, while Sunco occasionally delivers goods to Wisconsin, these deliveries comprise less than one percent of its business. (*Id.* at ¶ 8.)

### B. Specific Jurisdiction

This leaves only the possibility of specific personal jurisdiction over either HireRight or Sunco. Specific jurisdiction requires: (1) the defendant's purposeful direction of activities at the forum state or purposeful availing of the privilege of conducting business in the forum state; (2) the alleged injury arises out of the defendant's forum-directed activities; and (3) the exercise of specific jurisdiction comports with traditional notions of fair play and substantial justice. *See Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "The action must directly arise out of the specific contacts between the defendant and the forum state" for the court to exercise specific jurisdiction. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1024 (7th Cir. 2009).

Here, HireRight's attenuated contacts with Wisconsin did not give rise to plaintiff's FCRA claims. Specifically, Smith alleges HireRight violated the FCRA by: (1) failing to follow reasonable procedures to assure the maximum possible accuracy of information on Smith in its report to Sunco under 15 U.S.C. § 1681e(b); and (2) failing

---

[2] Sunco amended its name to "Old SC, Inc.," following its sale to Sunco Trucking, LLC in October 2016, well after plaintiff's termination from Sunco. Sunco Trucking, LLC is incorporated in Delaware and maintains a principal place of business in Lakeland, Florida. Old SC, Inc. remains a Florida corporation.

to reasonably reinvestigate the accuracy of Smith's report under 15 U.S.C. § 1681i. While HireRight arguably received information about plaintiff from a Wisconsin company, HireRight's resulting report was neither generated in Wisconsin, nor was it sent to a Wisconsin business. (Aldrich Decl. (dkt. #15) ¶¶ 5–6.) In addition, Smith's termination, the injury he alleges was caused by the report, occurred in Florida. (Templin Decl. (dkt. #19) ¶ 18.) Finally, HireRight handled Smith's dispute in their Tulsa, Oklahoma office. (Aldrich Decl. (dkt. #15) ¶ 8.) Smith does not dispute any of these facts, nor does he offer even a tenuous connection between HireRight and Wisconsin, as it relates to his claims. Accordingly, this court also lacks specific jurisdiction over HireRight.

The court's lack of specific jurisdiction over Sunco is even more obvious because Smith's claims do not arise out of *any* contact between Sunco and Wisconsin. Smith alleges Sunco violated the FCRA by: (1) failing to disclose that a consumer report was procured for employment purposes under 15 U.S.C. § 1681b(b)(2); and (2) taking an adverse employment action before providing him a copy of HireRight's report and a description of his rights under the FCRA. Importantly, Sunco accepted Smith's application for employment, employed and terminated Smith *in Florida*. (Templin Decl. (dkt #19) ¶ 15; Compl. (dkt. #1) ¶¶ 18, 21.) Smith fails to allege any connection between Sunco and Wisconsin giving rise to his claims, and again he fails to dispute Sunco's factual allegations. Therefore, the court lacks specific jurisdiction over Sunco as well.

**II. Plaintiff's Motion to Transfer**

Standing alone, then, the court would grant defendant HireRight's or Sunco's motions to dismiss because the court cannot exercise personal jurisdiction over either. Obviously anticipating this result, Smith instead moves to transfer this case to the Middle District of Florida in hopes of curing this court's lack of personal jurisdiction. (Dkt. #21.) This court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought" if venue in the transferor court is "wrong." 28 U.S.C. § 1406(a). The statute affords courts broad discretion in choosing to grant or deny a motion to transfer. *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986).

A court's lack of personal jurisdiction over the defendants can make venue "wrong" for the purposes of a motion to transfer. "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Taking this cue, the Seventh Circuit has held that either 28 U.S.C. § 1404(a) or § 1406(a) can be used to transfer a case in which personal jurisdiction over the defendants is lacking. *See Cote*, 796 F.2d at 985; *see* 17 Moore's Federal Practice § 111.02(1)(b)(ii)(B) (3d ed. 2018) (summarizing circuit split on correct statute for transfer when court lacks personal jurisdiction). Thus, it must be determined whether the interests of justice require transfer.

The Middle District of Florida is undoubtedly a better place for Smith's case to be heard. From the outset, the Western District of Wisconsin, Smith's original choice of

forum, defies reason, as personal jurisdiction over HireRight and Sunco was at best highly dubious. In fairness, plaintiff's counsel may have chosen this district because the source of the allegedly erroneous information was Windy Hill, who does business here, but ironically it appears Florida courts would have personal jurisdiction over that defendant as well.

First, defendant Sunco is a Florida corporation with a principal place of business there. (Templin Decl. (dkt. #19) ¶ 2.) Second, albeit not important for the personal jurisdiction question, plaintiff is domiciled in Daytona Beach, Florida. (Compl. (dkt. #1) ¶ 6.) Third, while defendant HireRight argues a Florida court would not have personal jurisdiction over it, the record shows that it provided a report to its customer, Sunco, located there, and Smith's alleged injury resulted from that report also occurred in Florida. While this does not foreclose HireRight from arguing that the Middle District of Florida lacks personal jurisdiction over it, Smith has made a prima facie showing that a Florida court would have personal jurisdiction for the purposes of his motion to transfer. Fourth and finally, while defendant Windy Hill has its principal place of business in Wisconsin (giving this court general personal jurisdiction over it), Windy Hill is incorporated in Florida. Accordingly, a Florida court would have general personal jurisdiction over it.

Even so, Windy Hill opposes plaintiff's motion to transfer the claims against it, seeking instead to sever the litigation under Federal Rule of Civil Procedure 21. However, one of the factors that must be considered in determining the "interest of justice" is the preference for trying related litigation together. *See Heller Financial Inc. v.*

7

*Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). Not only would it be inefficient to try part of this Florida-based litigation in Wisconsin when a Florida court could exercise personal jurisdiction over Windy Hill, and indeed *all* parties, but even more important keeping the case together in one venue would avoid the very real possibility and resulting in justice of inconsistent results. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986) ("The interest of justice analysis relates, then, to the efficient functioning of the courts. . . . [R]elated litigation should be transferred to a forum where consolidation is feasible."); *see also Van Dusen v. Barrack*, 376 U.S. 612, 644 (1964) (transfer favorable where it brings "the full benefits of consolidation and uniformity of result.") Accordingly, the court will grant the motion to transfer despite Smith's erroneous forum choice.

Finally, Smith avers that a dismissal by this court, rather than a transfer order, would effectively be with prejudice because his claims are by now otherwise barred by the applicable statute of limitations. In cases where a plaintiff makes an elementary error in filing suit in a forum where the court clearly lacks personal jurisdiction over a party, dismissal is not an abuse of discretion, even when that dismissal is effectively with prejudice due to the statute of limitations. *See Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir. 1988); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 581 (7th Cir. 1989). Unlike in those cases where the plaintiff made a jurisdictional error about a single defendant, however, Smith had to determine the best forum in a case with three defendants located throughout the country. While ordinary prudence would suggest that the Middle District of Florida was the best choice of forum to satisfy jurisdictional

8

requirements, Smith's error in hindsight is not so egregious as to warrant dismissal of his claim with prejudice, particularly when coupled with defendant Windy Hill's failure to own up to its incorporation in Florida on a more timely basis.

ORDER

IT IS ORDERED that:

1) Plaintiff Webster Smith's motion to transfer to the Middle District of Florida under 28 U.S.C. § 1406(a) (dkt. #21) is GRANTED;

2) Defendants HireRight, LLC and Sunco Carriers, Inc.'s motions to dismiss for lack of personal jurisdiction (dkt. ##13, 17) are DENIED as moot; and

3) The clerk of court is directed to transfer this case to the United States District Court for the Middle District of Florida in seven (7) days unless a party files a motion to reconsider before that time.

Entered this 11th day of April, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge